BLANK et al., Appellants and Cross–Appellees,

v.

SECURX, INCORPORATED et al., Appellees;
Geneva, Appellee and Cross–Appellant.

[Cite as *Blank v. Securx, Inc.* (1997), 123 Ohio App.3d 248.]

Court of Appeals of Ohio,
Eighth District, Cuyahoga County.

Nos. 71661, 71628 and 71667.

Decided Sept. 29, 1997.

*Linda L. Bluso, Brian J. Green* and *Peter R. Harwood,* for appellants and cross-appellees Francis D. Blank et al.

*Goodman, Weiss, Miller, L.L.P., Steven J. Miller* and *Sergio A. Carano,* for appellee Securx, Incorporated.

*Daniel F. Richards,* for appellant and cross-appellee Daniel E. Deitrick.

*Nicholas D. Satullo, Reminger & Reminger,* for appellee and cross-appellant Louis Geneva.

*Robert S. Rosplock,* for appellee Mark Kirasich.

*Aaron H. Bulloff, Kadish & Bender,* for appellee Frank L. Prijatel.

PATRICIA ANN BLACKMON, Judge.

In this consolidated appeal, Francis D. Blank et al., plaintiff-appellants ("Blank"), appeal a decision by the trial court dismissing their complaint against Securx, Incorporated et al., defendants-appellees, for declaratory judgment of dissenters' rights under R.C. 1701.85, conversion, breach of fiduciary duty, fraud, denial of shareholders' preemptive rights and various *ultra vires* acts.

Blank assigns the following error for our review in case No. 71661.

"The trial court erred in granting defendants' motions to dismiss pursuant to Civ.R. 12(B)(6) inasmuch as the complaint sets forth one or more claims upon which relief can be granted."

Daniel Deitrick and Mike Pilarczyk also appeal and assign the following error for our review in case No. 71628:

"The trial court erred to the prejudice of plaintiffs–appellants Deitrick and Pilarczyk in dismissing the complaint pursuant to Civ.R. 12(B)(6)."

Louis Geneva, defendant-cross appellant, also appeals and assigns the following error for our review in case No. 71667:

"The trial court erred when it granted plaintiffs' motion to dismiss Geneva's counterclaim."

Having reviewed the record and the legal arguments of the parties, we affirm the decision of the trial court in part and reverse it in part. The apposite facts follow.

On March 11, 1996, Francis Blank and twenty-three other plaintiffs filed a complaint for money damages and declaratory relief against Securx, Incorporated ("Old Securx"), c/o Pauline Hoye; Securx, Inc. ("New Securx"), c/o Raymond Kralovic; Louis Geneva; Pauline Hoye; Mark Kirasich; Peter Longbons; Frank Prijatel; and Marie Colantino. The complaint raised claims for breach of fiduciary duty, denial of preemptive rights, and fraud, and claims for money lent to Old Securx by the plaintiff shareholders. The complaint also sought declaration of dissenters' rights under R.C. 1701.76(C) and 1701.85.

Blank requested, *inter alia*, $25,000 in compensatory damages, $25,000 in punitive damages, a declaration that Old Securx must submit a proposal of the asset sales transaction and that the plaintiffs may still exercise their dissenters' rights, and a declaration that the assets transferred to New Securx by Old Securx must be held in a constructive trust for the benefit of Old Securx shareholders.

On June 19, 1996, Louis Geneva filed his answer to the complaint and raised several affirmative defenses, including failure to state a claim upon which relief may be granted, statute of limitations, waiver and estoppel, failure of consideration, statute of frauds, immunity, unclean hands, and lack of particularity in the complaint. Geneva also included a counterclaim against Blank for abuse of process, alleging that the continuation of the suit was an attempt to force Old Securx to settle the case, regardless of its lack of merit or substance. In the counterclaim, Geneva sought $100,000 in compensatory damages and $1,000,000 in punitive damages.[1]

On July 17, 1996, Blank moved to dismiss Geneva's counterclaim for failure to state a claim upon which relief can be granted. Blank argued that Geneva failed to show that the plaintiffs knowingly brought suit on an unfounded claim. Geneva conceded that, in light of the limited information plaintiffs had about Geneva's role in the challenged transactions, the initial complaint was proper. However, Geneva argued that the plaintiffs' decision to continue prosecuting the claim after discovering information that clearly absolved Geneva of any wrongdoing was an effort to force a settlement and constituted an abuse of process.

---

1. On June 28, 1996, Blank voluntarily dismissed his claims against Securx, Inc. with prejudice.

On June 24, 1996, Old Securx and Pauline Hoye filed a motion to dismiss the plaintiffs' complaint, alleging it was time-barred because it was not filed within R.C. 1701.76(D)'s ten-day period for exercising their dissenters' rights. The motion further claimed that Blank's claims of breach of fiduciary duty and unfair or deceptive practice were also time-barred under R.C. 1701.85(A)(2) because they related to the asset transaction. They further alleged that Blank's claims of breach of fiduciary duty and fraud should be dismissed as impermissible actions because R.C. 1701.85 is the sole remedy available to shareholders seeking to overturn or modify the fair cash value of their investment.

Old Securx and Hoye also argued that Blank's claim that Old Securx entered into a commercially unreasonable and excessive lease with Hoye was time-barred because it was not filed within R.C. 1701.76(D)'s ninety–day statute of limitations for claims relating to lease transactions. They also argued that Blank's claims for violation of their preemptive rights were time-barred because not filed within the time limits set forth in R.C. 1701.15(B).

In response to the motion to dismiss, Blank argued that the complaint was not a dissenting shareholders' action under R.C. 1701.85 but, rather, alleged an *ultra vires* act.

On November 1, 1996, the trial court granted Old Securx's motion to dismiss the complaint. The court also granted Blank's motion to dismiss Geneva's counterclaim. This appeal followed.

Blank's assignment of error and Deitrick and Pilarczyk's assignment of error both challenge the trial court's decision to grant Old Securx's motion to dismiss Blank's complaint for failure to state a claim upon which relief can be granted.

When reviewing a Civ.R. 12(B)(6) dismissal, we must independently review the complaint to determine the propriety of the dismissal and need not defer to the judgment of the trial court. *Girts v. Raaf* (May 4, 1995), Cuyahoga App. No. 67774, unreported, 1995 WL 264482. A Civ.R. 12(B)(6) dismissal is proper only if, after accepting all the plaintiff's allegations as true, it is determined that the plaintiff can prove no set of facts entitling him to recovery. *Greeley v. Miami Valley Maintenance Contrs., Inc.* (1990), 49 Ohio St.3d 228, 230, 551 N.E.2d 981, 982–983.

In its motion to dismiss the complaint, Old Securx argued that Blank's R.C. 1701.85 claims in Count Two of the complaint were time-barred because Blank failed to issue a timely written demand for payment of the fair cash value of the stock. R.C. 1701.85(A)(2) provides that written notice must be given not later than ten days after the vote on the challenged action. The record reveals that the vote on the asset sale was taken on June 30, 1995. Because no written

demand was issued by the plaintiffs, Old Securx argued that their claims were time-barred under R.C. 1701.85(A)(2).

Blank argued that plaintiffs' claim was not a dissenting shareholders' claim and, therefore, was not governed by R.C. 1701.85. We disagree. Paragraphs 35 and 36 of the complaint read as follows:

"35. At the time Plaintiffs purchased stock in Old Securx, Old Securx apportioned the subscription payments as ninety-two cents ($0.92) of each dollar invested in Old Securx as a loan and eight cents ($0.08) of each dollar as payment for Stock.

"36. As a result of such loans, *each of the Plaintiffs is owed by Old Securx an amount equal to 92% of their subscription payments,* plus interest at a rate or rates at least as high as applicable to the loans made by Jack Hoye and Pauline Hoye to Old Securx." (Emphasis added.)

Blank clearly asserts a claim to money owed to the shareholders by the company as payment for their shares.

■ Count Two of Blank's complaint clearly states a claim for the fair cash value of the plaintiffs' investment. As discussed above, R.C. 1701.85 is the sole means for determining the price to be paid for shares held by dissenting shareholders. *Id.* See, also, *ASA Architects, Inc. v. Schlegel* (Dec. 29, 1994), Franklin App. No. 94APE05–765, unreported, 1994 WL 723321. Because Blank failed to file a timely written demand under R.C. 1701.85(A)(2), Count Two of the complaint was time-barred and was properly dismissed by the trial court.

■ With respect to the remaining claims of the complaint, Blank cited *Stepak v. Schey* (1990), 51 Ohio St.3d 8, 553 N.E.2d 1072, and argued that actions for breach of fiduciary duty, fraud, *ultra vires* acts, and other illegalities may be brought outside of R.C. 1701.85 if the action does not seek to modify or overturn the fair cash value of the shareholders' investment. However, in *Armstrong v. Marathon Oil Co.* (1987), 32 Ohio St.3d 397, 422, 513 N.E.2d 776, 798–799, the Ohio Supreme Court held that such nonstatutory theories of recovery may not be joined to a R.C. 1701.85 proceeding but are separate causes of action governed by applicable statutes of limitation.

■ In Count Two of the complaint, Blank alleged that Old Securx officers improperly converted money lent to the corporation by the plaintiff shareholders. R.C. 2305.09 imposes a four-year statute of limitations for conversion claims. The stock issuances which reflect the alleged loans were made in 1988 and 1989. However, the plaintiffs' 1996 complaint fell outside the four-year statute of limitations for conversion claims. Accordingly, the trial court properly dismissed Blank's conversion claim.

■ Turning next to Blank's claim for breach of fiduciary duty, we note that although *Armstrong* recognizes such a claim, "no remedy is available where the shareholder's objection is essentially a complaint regarding the price which he received for his shares." *Stepak* at 11, 553 N.E.2d at 1075.

In paragraph 45(d) of the complaint, Blank alleged that Old Securx "fraudulently and deceitfully engaged in a single continuous fraudulent plan *to deprive Plaintiffs of the value of their investment* in Old Securx." (Emphasis added.) Despite the plaintiffs' designation of this claim as one for breach of fiduciary duty, the language in paragraph 45(d) clearly reveals a challenge to the value of the plaintiffs' stock. Accordingly, we conclude that this claim is merely a disguised R.C. 1701.85 claim and was properly dismissed due to the plaintiffs' failure to comply with the statute of limitations set forth in R.C. 1701.85(A)(2).

■ We also conclude Blank's claim for denial of preemptive rights is barred by the statute of limitations. R.C. 1701.15(A) provides that actions for denial of preemptive rights must be brought within two years from the day the shareholder is notified of the transaction giving rise to the claim. The alleged deprivations of preemptive rights took place in 1989 and 1993. Because Blank's complaint was not filed until more than two years after the transactions, the trial court properly dismissed Blank's claim for denial of preemptive rights.

■ We also conclude that the trial court properly dismissed Blank's fraud claim. In order to state a fraud claim, Blank had to allege "a representation or, where there is a duty to disclose, concealment of a fact which is material to the transaction at hand, made falsely, with knowledge of its falsity, or with such utter disregard and recklessness as to whether it is true or false that knowledge may be inferred, with the intent of misleading another into relying upon it, justifiable reliance upon the representation or concealment, and a resulting injury proximately caused by the reliance." *Univ. Circle Research Ctr. v. Galbreath Co.* (1995), 106 Ohio App.3d 835, 841, 667 N.E.2d 445, 449.

We conclude that Blank has failed to demonstrate the requisite detrimental reliance to support a fraud claim. In the complaint, Blank alleged that the plaintiff shareholders were misled into approving the asset sales agreement. See Complaint Paragraph 63. However, the record reveals that the plaintiff shareholders voted *against* the asset sale. There is no indication that their vote was influenced by the defendants' representations. In light of the fact that the sale took place over the plaintiffs' objections, there is no basis upon which to find that plaintiffs would have fared better had they cast a different vote. Under the circumstances, we conclude that the trial court correctly dismissed Blank's fraud claim. Blank's assignment of error and Deitrick and Pilarczyk's assignment of error are overruled.

In his sole cross-assignment of error, Louis Geneva argues that the trial court erroneously dismissed his counterclaim for abuse of process. In order to state a claim for abuse of process, a plaintiff must show that a legal proceeding has been set in motion in proper form and with proper cause, that the proceeding has been perverted to attempt to accomplish an ulterior purpose for which it was not designed, and that direct damage has resulted from wrongful use of process. *Yaklevich v. Kemp, Schaeffer & Rowe Co., L.P.A.* (1994), 68 Ohio St.3d 294, 626 N.E.2d 115, at syllabus. See, also, *Robb v. Chagrin Lagoons Yacht Club, Inc.* (1996), 75 Ohio St.3d 264, 662 N.E.2d 9, reconsideration denied 75 Ohio St.3d 1452, 663 N.E.2d 333.

In this case, the trial court granted Blank's motion to dismiss the counterclaim for failure to state a claim upon which relief could be granted. In *Ryb v. Contemporary Office Products, Inc.* (Nov. 22, 1995), Cuyahoga App. No. CV–276997, unreported, 1995 WL 693164, we overruled the Civ.R. 12(B)(6) dismissal of an abuse-of-process claim. Noting that the Civil Rules require only a short and plain statement of the claim for relief, we determined that the absence of specific factual details underlying the claim did not render the pleading insufficient to state an abuse of process claim. *Id.* See, also, Civ.R. 8(A)(1).

In this case, Geneva presented the following allegations:

"(1) At the time that the Plaintiffs instituted this proceeding, it was, on information and belief, set in motion in proper form and with probable cause, because the plaintiffs were obviously unaware of the financial information underlying the asset purchase, and its particulars.

"(2) Since the institution of this suit, there has been a great deal of dialogue and information transferred between the parties, so that Plaintiffs are no longer ignorant about the role played by Defendant Louis B. Geneva, in simply representing his client.

"(3) Despite its initial purpose, this proceeding has been perverted to attempt to accomplish an ulterior purpose for which it was not designed, i.e., payment of settlement monies simply because the lawsuit had been filed, irrespective of its lack of merit or substance.

"(4) Defendant Louis Geneva has been directly damaged from the wrongful use of Plaintiffs process, in the form of attorney fees, emotional distress, loss of reputation, and other damages which continue to mount daily.

"(5) All Plaintiffs are liable, jointly and severally, for damages directly and proximately caused by their abuse of process."

After reviewing the allegations of the counterclaim, we cannot say "beyond doubt that [Geneva] can prove no set of facts in support of his claim which would

entitle him to relief." *Ryb, supra.* Though lacking in specific details, the allegations set forth the essential elements of an abuse-of-process claim.

"Where a pleading ties a party's actions to the elements of a claim, but fails to state in detail the facts underlying the claim, that pleading has not failed to 'state a claim upon which relief can be granted,' pursuant to Civ.R. 12(B)(6). A motion made pursuant to such rule should not be sustained as a claim has been stated though the incident giving rise to the claim is somewhat vaguely put forth." *Clermont Environmental Reclamation Co. v. Hancock* (1984), 16 Ohio App.3d 9, 12, 16 OBR 9, 13, 474 N.E.2d 357, 362.

As we did in *Ryb*, we note that our determination does not demonstrate the validity of Geneva's claim or the likelihood of recovery, but only that the allegations of the counterclaim sufficiently stated a claim for abuse of process against Blank. Accordingly, Geneva's assignment of error is well taken. We reverse the trial court's dismissal of Geneva's counterclaim and remand the case to the trial court for further proceedings.

*Judgment affirmed in part*
*and reversed in part.*

JAMES D. SWEENEY, C.J., and SPELLACY, J., concur.