[Cite as *McCruter v. Advantage Imaging of Lake Cty., L.L.C.*, 2021-Ohio-433.]

## COURT OF APPEALS OF OHIO

## EIGHTH APPELLATE DISTRICT
## COUNTY OF CUYAHOGA

DERRICK A. MCCRUTER,                    :

    Plaintiff-Appellant,                :

                  No. 109778

    v.                                  :

ADVANTAGE IMAGING OF LAKE              :
COUNTY, L.L.C.,

    Defendant-Appellee.                 :

---

### JOURNAL ENTRY AND OPINION

**JUDGMENT:** AFFIRMED
**RELEASED AND JOURNALIZED:** February 18, 2021

---

Civil Appeal from the Cuyahoga County Court of Common Pleas
Case No. CV-20-928141

---

### *Appearances:*

Luftman, Heck & Associates, L.L.P., and Matthew L. Alden, *for appellant.*

Brouse McDowell, L.P.A., and Nicholas J. Kopcho, *for appellee.*

LISA B. FORBES, J.:

{¶ 1} Plaintiff-appellant Derrick A. McCruter ("McCruter") appeals the trial court's order granting defendant-appellee Advantage Imaging of Lake County,

L.L.C.'s ("Advantage") motion for judgment on the pleadings in this case alleging a violation of the Consumer Sales Practices Act ("CSPA"). After reviewing the facts of the case and pertinent law, we affirm the trial court's judgment because McCruter's claim is preempted by federal bankruptcy law.

## I. Facts and Procedural History

{¶ 2} On June 24, 2019, McCruter filed a bankruptcy petition. *See In re Derrick A. McCruter*, N.D.Ohio Bankr. NO. 19-13924 (Oct. 2, 2019). On October 2, 2019, McCruter received a bankruptcy discharge, and his case was closed. Advantage was not named as a creditor in McCruter's bankruptcy case and did not receive notice of the discharge. On December 31, 2019, Advantage sent McCruter a billing statement in the amount of $1,520 for medical services performed in December 2012.

{¶ 3} On January 21, 2020, McCruter filed a complaint in the trial court alleging that Advantage "committed unfair, deceptive and unconscionable acts or practices in violation of [R.C.] 1345.02(A) and 1345.03 (A) of the Consumer Sales Practices Act including attempting to collect on a debt in violation of the discharge injunction imposed by 11 U.S.C. 524" of the bankruptcy code. On June 17, 2020, the trial court granted judgment on the pleadings in favor of Advantage, finding that McCruter's "'sole avenue of recourse * * * is to bring an action against the creditor for contempt' in the bankruptcy court that issued the discharge order." (Quoting *In re Perviz*, 302 B.R. 357, 370 (Bankr.N.D.Ohio 2003)).

**{¶ 4}** It is from this order that McCruter appeals, alleging that "[t]he trial court erred in granting Advantage Imaging of Lake County, LLC's motion for judgment on the pleadings." McCruter argues two issues under his sole assignment of error: first, "[w]hether a medical practice group incorporated as an Ohio limited liability company is a 'supplier' subject to the provision of the Ohio Consumer Sales Practices Act"; and second, "[w]hether a Consumer Sales Practices Act claim alleging unfair and deceptive practices in the collection of a discharged debt is preempted by the Bankruptcy Code." We find the preemption issue dispositive of this case and limit our analysis accordingly.

## II. Law and Analysis

**{¶ 5}** Pursuant to Civ.R. 12(C), "[a]fter the pleadings are closed but within such time as not to delay the trial, any party may move for judgment on the pleadings." Appellate courts review a trial court's decision regarding a motion for judgment on the pleadings under a de novo standard. "The determination of a motion for judgment on the pleadings is limited solely to the allegations in the pleadings and any writings attached to the pleadings." *Bradigan v. Strongsville City Schools*, 8th Dist. Cuyahoga No. 88606, 2007-Ohio-2773, ¶ 11.

> Under Civ.R. 12(C), dismissal is appropriate where a court (1) construes the material allegations in the complaint, with all reasonable inferences to be drawn therefrom, in favor of the nonmoving party as true, and (2) finds beyond doubt, that the plaintiff could prove no set of facts in support of his claim that would entitle him to relief. Thus, Civ.R. 12(C) requires a determination that no material factual issues exist and the movant is entitled to judgment as a matter of law.

(Citations omitted.)  *State ex rel. Midwest Pride IV v. Pontious*, 75 Ohio St.3d 565, 570, 664 N.E.2d 931 (1996).

{¶ 6}   A de novo standard of review is also required when appellate courts review whether federal law preempts state law.  *Bailey v. Manor Care of Mayfield Hts.*, 8th Dist. Cuyahoga No. 99798, 2013-Ohio-4927, ¶ 12.  The Ohio Supreme Court reiterated "the controlling principles that govern" federal preemption in *Darby v. A-Best Prods. Co.*, 102 Ohio St.3d 410, 2004-Ohio-3720, 811 N.E.2d 1117:

> (1) the critical question is whether Congress intended state law to be superseded by federal law — the historic police powers of the state are not to be superseded by federal law unless that is the clear and manifest purpose of Congress, (2) a presumption exists against preemption of state police-power regulations, and (3) federal law preempts state law where Congress has occupied the entire field * * *.

*Id.* at ¶ 27.  *See also Rice v. Santa Fe Elevator Corp.*, 331 U.S. 218, 230, 67 S.Ct. 1146, 91 L.Ed. 1447 (1947) (an intent to preempt may be inferred when "[t]he scheme of federal regulation [is] so pervasive as to make reasonable the inference that Congress left no room for the States to supplement it").

{¶ 7}   In *Pertuso v. Ford Motor Credit Co.*, 233 F.3d 417, 200 U.S. App. LEXIS 29583 (6th Cir.2000), the United States Court of Appeals for the Sixth Circuit held that state law claims alleging violations of a bankruptcy discharge order were preempted by the Bankruptcy Code.

> As Ford correctly points out, the Pertusos' state law claims presuppose a violation of the Bankruptcy Code.  Permitting assertion of a host of state law causes of action to redress wrongs under the Bankruptcy Code would undermine the uniformity the Code endeavors to preserve and would "stand as an obstacle to the accomplishment and execution of the full purposes and objectives of Congress."  Accordingly, and

> because Congress has preempted the field, the Pertusos may not assert these claims under state law.

(Citations omitted.) *Id.* at 426.

**{¶ 8}** As the trial court in the case at hand stated, 11 U.S.C. 524 provides the exclusive remedy for a violation of a bankruptcy discharge. A "debtor injured by a violation of the discharge injunction has no right to statutory damages. Instead, when a violation of the discharge injunction does occur, a debtor's sole avenue of recourse * * * is to bring an action against the creditor for contempt" in federal bankruptcy court. *In re Perviz*, 302 B.R. at 370 (Bankr.N.D. Ohio 2003).

**{¶ 9}** On appeal, McCruter argues that *Pertuso* does not apply to his case because *Pertuso* did not involve claims under the CSPA. We find this to be a distinction without a difference. "Under the law as it now stands * * * we have no hesitancy in joining those courts (a clear majority) that have held [11 U.S.C.] 524 does not impliedly create a private right of action." *Pertuso* at 422-423. *Pertuso's* application extends to private causes of action in general and is not limited to a particular action under a specific statutory scheme or at common law.

**{¶ 10}** Other federal circuit courts, as well as bankruptcy courts, align with *Pertuso's* analysis and holding. In *Gaitor v. U.S. Bank, N.A. (In re Gaitor),* M.D.N.C. Bankr. No. 13-80530, 2015 Bankr. LEXIS 2545 (July 31, 2015), the debtor filed suit against a bank alleging that, after he received his bankruptcy discharge, the bank "continued to send him statements that he was in default on his mortgage payments." *Id.* at 2. In addition to a claim for "civil contempt for willful violations

of the permanent discharge injunction," the debtor sought relief under two state consumer protection statutes, as well as the general notion of "good faith and fair dealing." *Id.* at 3. The court dismissed the debtor's latter state law claims. "Courts applying the law of preemption to debtors' efforts to remedy violations of the discharge injunction have generally found nonbankruptcy causes of action to be preempted, at least to the extent that the nonbankruptcy cause of action depends on proof of the discharge violation." *Id.* at 8-9.

{¶ 11} In *Walls v. Wells Fargo Bank, N.A.,* 276 F.3d 502, 504, 2002 U.S. App. LEXIS 202 (9th Cir.2002), the Ninth Circuit Court of Appeals addressed "whether a discharged debtor may pursue a simultaneous claim under the Fair Debt Collections Practices Act, 15 U.S.C. 1692f." The court held that the debtor may not pursue simultaneous claims, "as to do so would circumvent the Bankruptcy Code's remedial scheme." *Id.* The court further explained:

> Implying a private remedy here could put enforcement of the discharge injunction in the hands of a court that did not issue it (perhaps even in the hands of a jury), which is inconsistent with the present scheme that leaves enforcement to the bankruptcy judge whose discharge order gave rise to the injunction. This makes a good deal of sense, given that the equities at issue are bankruptcy equities, and it would undermine Congress's deliberate decision to place supervision of discharge in the bankruptcy court * * *.

*Id.* at 509.

{¶ 12} In his complaint, McCruter refers to the billing statement that Advantage sent him — which is the sole alleged "unfair, deceptive and unconscionable" act at issue in this case — as a "violation of the discharge order."

McCruter further claims that sending this statement violated the CSPA by "attempting to collect on a debt in violation of the discharge injunction imposed by 11 U.S.C. 524." McCruter does not allege any other means by which Advantage may have violated the CSPA. Despite McCruter's designation of this claim as a violation of the CSPA, the language in the complaint clearly reveals that McCruter seeks to be compensated for Advantage allegedly having violated McCruter's bankruptcy discharge. *See, e.g., Blank v. Secrux, Inc.*, 123 Ohio App.3d 248, 254, 704 N.E.2d 21 (8th Dist.1997) (although the claim is labeled "as one for breach of fiduciary duty, * * * we conclude this claim is merely a disguised R.C. 1701.85 claim and was properly dismissed due to the plaintiffs' failure to comply with the statute of limitations set forth in R.C. 1701.85(A)(2)").

{¶ 13} In looking only at the allegations in the pleadings, because we must when reviewing a trial court's granting of a motion for judgment on the pleadings, whether McCruter is entitled to relief depends on a finding that Advantage violated the bankruptcy discharge. That determination must be made in bankruptcy court. Furthermore, McCruter's exclusive remedy lies in bankruptcy court in the form of a contempt action. Therefore, no material factual issues exist in this case, and Advantage is entitled to judgment as a matter of law.

{¶ 14} For these reasons, we find that the trial court properly granted Advantage's motion for judgment on the pleadings, and McCruter's sole assignment of error is overruled.

{¶ 15} Judgment affirmed.

It is ordered that appellee recover from appellant costs herein taxed.

The court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate be sent to said court to carry this judgment into execution.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.

_____

LISA B. FORBES, JUDGE

KATHLEEN ANN KEOUGH, P.J., and
EILEEN T. GALLAGHER, J., CONCUR