CLERMONT ENVIRONMENTAL RECLAMATION COMPANY, APPELLANT AND CROSS-APPELLEE, *v.* HANCOCK ET AL., APPELLEES AND CROSS-APPELLANTS.

(Nos. CA83-08-064 and -08-066—Decided March 29, 1984.)

*Morelli & Heyd Co., L.P.A.,* and *Mr. Arnold Morelli,* for appellant and cross-appellee.

*Mr. T. David Burgess,* for appellees and cross-appellants.

*Per Curiam.* This cause came on to be heard upon an appeal and cross-appeal from the Court of Common Pleas of Clermont County, Ohio.

On January 26, 1982, the appellant, Clermont Environmental Reclamation Company (hereinafter "CER"), filed a complaint against the appellees, Lois Hancock and Frank Parker, alleging that Hancock and Parker made certain defamatory statements regarding CER's business. CER claimed that its good name and professional reputation had been injured and that lost profits were incurred as a result of the statements. Parker and Hancock answered, separately and identically. They each raised some seven defenses, asserted a counterclaim (discussed more fully below), and prayed for $10,000,000 in punitive damages as well as unspecified compensatory damages.

On May 17, 1982, CER filed a motion to dismiss the claims of Hancock and Parker pursuant to Civ. R. 12(B)(6), or in the alternative, a motion for a more definite statement of their claims pursuant to Civ. R. 12(E). Almost one year later, on May 13, 1983, the appellees moved the court to dismiss CER's complaint pursuant to Civ. R. 12(B)(6). On July 20, 1983, a hearing was held at which counsel argued their respective motions and after which the trial court noted its intention to dismiss both claims stating, "I think it would be a complete waste of time to continue this case any further. I don't think either side would prevail in anything * * *." Entries incorporating the court's decision were filed on July 29, 1983, and both sides have now appealed. For obvious reasons this court, *sua sponte,* consolidated the two appeals.

I

The appellant, CER, in case No. CA83-08-064, argues that its complaint

alleging defamation should not have been dismissed pursuant to appellees' Civ. R. 12(B)(6) motion. We agree.

Civ. R. 12(B)(6) provides for dismissal where the pleader fails to state a claim upon which relief can be granted. The judgment of the lower court dismissing a claim on such ground will not be upheld unless it appears beyond doubt from the complaint that the claimant can prove no set of facts in support of his claim which would entitle him to relief. *O'Brien* v. *University Community Tenants Union* (1975), 42 Ohio St. 2d 242 [71 O.O.2d 223], syllabus. We must presume the truth of any factual allegations made by the claimant. *Royce* v. *Smith* (1981), 68 Ohio St. 2d 106, 108 [22 O.O.3d 332]; *State, ex rel. Alford,* v. *Willoughby* (1979), 58 Ohio St. 2d 221 [12 O.O.3d 229].

CER's complaint alleges that Parker and Hancock, at a gathering of some two hundred people, charged CER with the commission of illegal and criminal activities and stated, essentially, that CER was "incompetent and inefficient in its business operations" with the purpose of holding CER up to "public scorn, hatred and ridicule." CER claimed that the statements were:

"* * * false, malicious, defamatory, and made with the intent to injure [CER] in its good name and credit in its profession and business, and to cause it to be believed that by reason thereof [CER] had become incompetent to properly practice its business. Said statements and said publications were, and are, false, and were known by defendants to be false when they made them, and were made by them maliciously and with willful intent to injure plaintiff and his [sic] profession."

CER requested compensatory damages in the sum of $1,000,000 and punitive damages in the sum of $1,000,000.

Defamation is divided into libel and slander and refers to communications made by the defendant to a third person which causes some injury to the plaintiff's "reputation" by exciting derogatory, adverse or unpleasant feelings against the plaintiff or by diminishing the esteem or respect in which he is held. Prosser, Law of Torts (4 Ed. 1971) 739.

Assuming, as we must, the truth of the allegations in the complaint, we must conclude that CER has stated a claim upon which relief can be granted. The facts as alleged are sufficient to state a claim for defamation and the trial court improperly dismissed CER's claim on the basis of Civ. R. 12(B)(6).

Accordingly, CER's sole assignment of error is well-taken.

## II

The cross-appellants argue in the case No. CA83-08-066 that the trial court erroneously dismissed their claim against CER on the basis of Civ. R. 12(B)(6).

Cross-appellants' counterclaims are identical and, after alleging that CER filed the complaint described above against them, the counterclaims state that:

"2. Plaintiff, Clermont Environment Reclamation Company has wilfully, illegally, and improperly used process after it was issued in a manner not contemplated by law.

"3. Plaintiff, Clermont Environmental Reclamation Company has illegally, willfully, and improperly used process in an attempt to obtain a result not intended by law.

"4. Plaintiff, Clermont Environmental Reclamation Company has illegally, wilfully, and improperly perverted the use of process to accomplish a result outside its lawful scope.

"5. As a direct consequence and result of Plaintiff's illegal, wilful, improper and perverted use of process, Defendant has suffered injury and damage and continues to suffer injury and damage.

"6. The actions of the Plaintiff

were performed knowingly, intentionally and maliciously and by reason of which, Defendant is entitled to an award of punitive damages in the sum of Ten Million Dollars ($10,000,000.00)."

Cross-appellants argue that they have stated a claim for "abuse of process," relying on the case of *Avco Delta Corp.* v. *Walker* (1969), 22 Ohio App.2d 61 [51 O.O.2d 122]. CER argues initially that "abuse of process" in Ohio is the same as "malicious prosecution," relying on *Delk* v. *Colonial Finance Co.* (1963), 118 Ohio App. 451 [25 O.O.2d 161], and further argues that since all of the elements of malicious prosecution were not alleged, a dismissal pursuant to Civ. R. 12(B)(6) was appropriate. In the alternative, CER argues that the counterclaims of Hancock and Parker were defective for failing to specify the factual grounds upon which their claim is based.

A

Abuse of process must initially be distinguished from malicious prosecution. The tort of abuse of process arises when one maliciously misuses legal process to accomplish some purpose not warranted by law. 1 American Jurisprudence 2d (1962) 250, Abuse of Process, Section 1. The key to the tort is the purpose for which process is used once it is issued. Prosser, *supra,* at 856. Abuse of process does not lie for the wrongful bringing of an action, but for the improper use, or "abuse," of process. See, *e.g., Hauser* v. *Bartow* (1937), 273 N.Y. 370, 7 N.E.2d 268.

To make a case of abuse of process a claimant must show that one used process with an "ulterior motive," as the gist of offense is found in the manner in which process is used. *Hauser, supra,* at 373-374, 7 N.E. 2d at 269. There must also be shown a further act in the use of process not proper in the regular conduct of the proceeding. Prosser, *supra,* at 857. Thus, if one uses process proper-ly, but with a malicious motive, there is no abuse of process, though a claim for malicious prosecution may lie. (See *infra.*) In a claim for abuse of process:

" '* * * The tortious character of the defendant's conduct consists of his attempts to employ a legitimate process for a legitimate purpose in an improper manner, and this point must be clearly shown by the plaintiff to entitle him maintain his action.' " (Citation omitted.) *Hauser, supra,* at 374, 7 N.E. 2d at 269.

The gist of a claim for malicious prosecution, on the other hand, is the employment of process for its ostensible purpose, but without regard for probable cause; *i.e.,* the use of legal process for the mere purpose of vexation or injury. 52 American Jurisprudence 2d (1970) 187, Malicious Prosecution, Section 1. Malicious prosecution will generally lie where a lawsuit is begun in malice, without probable cause to believe it can succeed, and which finally ends in failure. The key elements are malice in the institution of the proceeding, a lack of probable or reasonable cause for the proceeding, and, of course, a termination of the proceeding in the claimant's favor. *Id.* In Ohio, no suit will lie for the malicious prosecution of a civil action where there has been no arrest of the person or seizure of property. *Cincinnati Daily Tribune Co.* v. *Bruck* (1900), 61 Ohio St. 489; *Avco, supra,* at 66; *Delk, supra,* at 454.

Thus, "abuse of process" differs from "malicious prosecution" in that the former connotes the use of process properly initiated for improper purposes, while the latter relates to the malicious initiation of a lawsuit which one has no reasonable chance of winning.

B

Having determined that the tort of abuse of process exists in Ohio and is distinct from the tort of malicious prosecution, we now turn our attention to

whether or not CER's motion to dismiss was properly sustained by the court below.

CER's main argument is that the cross-appellants' claims "* * * were defective as a matter of law in that not a single underlying operative ground was stated that would give rise to a claim for abuse of process." CER's argument is based on Civ. R. 8(A) which states that, "[a] pleading which sets forth a claim for relief * * * shall contain (1) a short and plain statement of the claim showing that the pleader is entitled to relief * * *."

When the Ohio Rules of Civil Procedure were adopted in 1970, they reflected a fundamental change in the philosophy of pleading from the days of Code, or "fact," pleading and a return to the philosophy of David Dudley Field of some one hundred years earlier who provided in his procedural code that a petition should contain a simple statement of the facts in plain English. See generally, 4 Anderson's Ohio Civil Practice (1973) 292, Section 151.04. The concept of "fact" pleading, as required by *New York, Chicago & St. Louis RR. Co.* v. *Kistler* (1902), 66 Ohio St. 326, and its progeny, was generally abolished. Civ. R. 8(E)(1) provides that "[e]ach averment of a pleading shall be simple, concise, and direct. No technical forms of pleading or motions are required." A complaint is only required to state "* * * a short and plain statement of the claim showing that the pleader is entitled to relief * * *." Civ. R. 8(A).

In this case cross-appellants' pleading contains few factual allegations. Cross-appellants' claim that CER initiated a lawsuit and wilfully, illegally, and improperly used process after it was issued "* * * in a manner not contemplated by law * * *" and "* * * in an attempt to obtain a result not intended by law * * *." Cross-appellants also assert that CER "* * * improperly perverted the use of process to ac-

complish a result outside of its lawful scope." The trial court found that this language failed to *state a claim* upon which relief can be granted. We must disagree.

Though code pleading was abandoned, "notice" pleading was not adopted. Pure "notice" pleading would permit a claimant to merely inform his or her opponent of the fact that a lawsuit had been filed against him or her, thus giving notice of the claim. Rule pleading, to the contrary, is better viewed as "simplified" pleading, in that a "short and plain statement" of a party's claim is required. See Staff Note to Civ. R. 8.

Where a pleading ties a party's actions to the elements of a claim, but fails to state in detail the facts underlying the claim, that pleading has not failed to "state a claim upon which relief can be granted," pursuant to Civ. R. 12(B)(6). A motion made pursuant to such rule should not be sustained as a claim *has* been stated, though the incident giving rise to the claim is somewhat vaguely put forth. Rather, the opponent should file a motion for definite statement under Civ. R. 12(E) which provides that:

"Motion for definite statement. If a pleading to which a responsive pleading is permitted is so vague or ambiguous that a party cannot reasonably be required to frame a responsive pleading, he may move for a definite statement before interposing his responsive pleading. The motion shall point out the defects complained of and the details desired. If the motion is granted and the order of the court is not obeyed within fourteen days after notice of the order or within such other time as the court may fix, the court may strike the pleading to which the motion was directed or make such order as it deems just."

In the case at bar, the elements of the tort of abuse of process were tied to the acts of CER, but exactly how CER abused process was not detailed. As the

Staff Note to Civ. R. 8 recognizes, a party has many discovery options for exposing the precise facts upon which allegations in the complaint are based and, if the pleadings are a sham, he may resort to summary judgment pursuant to Civ. R. 56.

The court below had CER's two alternative motions before it. We find that the court erroneously granted CER's motion to dismiss cross-appellants' claim and that the court should have granted CER's motion for definite statement, pursuant to Civ. R. 12(E). We would remind the court that its opinion of the relative *merits* of the claims should not enter into its consideration of a Civ. R. 12(B)(6) motion to dismiss.

Accordingly, cross-appellants' sole assignment of error is well-taken.

It is the order of this court that the judgment or final order appealed from in case No. CA83-08-064 be reversed and that the judgment or final order appealed from in case No. CA83-08-066 be reversed. This cause is hereby remanded to the court below for further proceedings not inconsistent with this decision.

*Judgments reversed and cause remanded.*

KOEHLER, P.J., JONES and RILEY, JJ., concur.

RILEY, J., of the Common Pleas Court of Clinton County, sitting by assignment in the Twelfth Appellate District.