JOURNAL ENTRY AND OPINION
{¶ 1} Plaintiff John J. Kavlich, III, M.D., appeals from the order of the trial court that granted summary judgment to attorney John Hildebrand and his law firm, Hildebrand Hildebrand (hereafter collectively referred to as "Hildebrand"). For the reason set forth below, we affirm.
 {¶ 2} The record demonstrates that plaintiff treated Rosario Perna from 1998 to 2000 for soft tissue injuries that Perna sustained in connection with two motor vehicle accidents. By 2000, the charges were in excess of $15,000 and plaintiff filed suit in Berea Municipal Court. It is undisputed that Perna's attorney, Hildebrand, filed a counterclaim for malpractice. The counterclaim was later dismissed without prejudice and plaintiff obtained a judgment against Perna in the collection action.
 {¶ 3} On March 20, 2007, plaintiff filed the instant matter against Hildebrand alleging that he filed the malpractice counterclaim in the collection suit "with the ulterior motive of securing a dismissal of the collection claim filed against [Perna], an ulterior purpose for which the counterclaim was not designed[,]" and causing plaintiff to incur an increase in his malpractice insurance premiums and suffer emotional distress.
 {¶ 4} Hildebrand denied liability and moved for summary judgment. In support of the motion, Hildebrand provided deposition testimony from Perna in which Perna indicated that he experienced only fleeting pain relief while treating with plaintiff, that he was never informed that the treatments would provide only temporary relief, that Hildebrand was aware of these issues, and had Perna's permission to "handle what you have to." *Page 4 
 {¶ 5} In opposition, plaintiff maintained that Hildebrand filed the malpractice counterclaim without obtaining Perna's consent or approval and did so to improperly influence the collection case.
 {¶ 6} The trial court subsequently granted Hildebrand's motion for summary judgment and plaintiff now appeals.
 {¶ 7} Plaintiff maintains that the trial court erred in granting Hildebrand's motion for summary judgment because there were genuine issues of material fact as to whether the counterclaim was filed to accomplish an ulterior purpose for which it was not designed and whether plaintiff incurred "direct damage" as a result of the filing of this pleading.
 {¶ 8} With regard to procedure, we note that a trial court may not grant a motion for summary judgment unless the evidence before the court demonstrates that: (1) no genuine issue as to any material fact remains to be litigated; (2) the moving party is entitled to judgment as a matter of law; and (3) it appears from the evidence that reasonable minds can come to but one conclusion, and viewing such evidence most strongly in favor of the nonmoving party, that conclusion is adverse to the party against whom the motion for summary judgment is made. See, e.g., Vahila v. Hall (1997), 77 Ohio St.3d 421, 429-30, 674 N.E.2d 1164,1171.
 {¶ 9} The burden of showing that no genuine issue exists as to any material fact falls upon the moving party. Id., citing Harless v. WillisDay Warehousing Co. (1978), 54 Ohio St.2d 64, 66, 375 N.E.2d 46, 47. The party moving for summary judgment bears the initial burden of informing the trial court of the basis for its motion *Page 5 
and identifying those portions of the record that demonstrate the absence of a genuine issue of material fact. Vahila v. Hall, supra.
 {¶ 10} In responding to a motion for summary judgment, the nonmoving party may not rest on "unsupported allegations in the pleadings." Civ. R. 56(E); Harless v. Willis Day Warehousing Co., supra. Rather, Civ. R. 56 requires the nonmoving party to respond with competent evidence that demonstrates the existence of a genuine issue of material fact for trial. Vahila v. Hall, supra. Summary judgment, if appropriate, shall be entered against the nonmoving party. Jackson v. Alert Fire SafetyEquip., Inc. (1991), 58 Ohio St.3d 48, 52, 567 N.E.2d 1027, 1031.
 {¶ 11} With regard to the substantive law, to prevail on a claim alleging abuse of process, the moving party must show: (1) that a legal proceeding was properly initiated and supported by probable cause; (2) that same legal proceeding was perverted by the nonmoving party in order to achieve "an ulterior motive for which it was not designed"; and (3) that the moving party has incurred damages as a result of the nonmoving party's wrongful use of process. Yaklevich v. Kemp, Schaeffer RoweCo., L.P.A., 68 Ohio St.3d 294, 298, 1994-Ohio-503, 626 N.E.2d 115.
 {¶ 12} An action for abuse of process is concerned with the improper use of process after it has been issued: whether there has been employment of process in a manner not contemplated by law or to obtain an object which such process is not intended by law to effect. Bunde v.Kantorik (May 17, 1979), Cuyahoga App. No. 38837. *Page 6 
 {¶ 13} "`Abuse of process' differs from `malicious prosecution' in that the former connotes the use of process properly initiated for improper purposes, while the latter relates to the malicious initiation of a lawsuit which one has no reasonable chance of winning." Robb v.Chagrin Lagoons Yacht Club, 75 Ohio St.3d 264, 1996-Ohio-189,662 N.E.2d 9, citing Clermont Environmental Reclamation Co. v. Hancock (1984),16 Ohio App.3d 9, 11, 474 N.E.2d 357, 362.
 {¶ 14} "Simply, abuse of process occurs where someone attempts to achieve through use of the court that which the court is itself powerless to order." Robb v. Chagrin Lagoons Yacht Club, supra.
 {¶ 15} In Kremer v. Cox (1996), 114 Ohio App.3d 41, 682 N.E.2d 1006, the court explained the tort as follows:
 {¶ 16} "Abuse of process does not lie for the wrongful bringing of an action, but for the improper use, or `abuse,' of process. * * * Thus, if one uses process properly, but with a malicious motive, there is no abuse of process, though a claim for malicious prosecution may lie[.] * * * The tortious character of the defendant's conduct consists of his attempts to employ a legitimate process for a legitimate purpose in an improper manner[.]" Id., citing Clermont Environmental Reclamation Co.v. Hancock (1984), 16 Ohio App.3d 9, 11, 474 N.E.2d 357.
 {¶ 17} Thus, "there is no liability [for abuse of process] where the defendant has done nothing more than carry out the process to its authorized conclusion, even though with bad intentions." Jones v.Norfolk S. Ry. Co., Cuyahoga App. No. 84394, 2005-Ohio-879, citingYaklevich v. Kemp, Schaeffer Rowe Co., L.P.A., supra. *Page 7 
 {¶ 18} In Kremer v. Cox, supra, the court rejected a claim for abuse of process that was premised upon the defendant's filing of a complaint against the plaintiff. The court stated:
 {¶ 19} "Kremer contends that, by including Kremer in his lawsuit, Cox committed a tort. Kremer's claim was premised solely on the filing of Cox's complaint itself, which Kremer claims was done without probable cause and for nefarious purposes. Such a rationale may support a claim for malicious prosecution, but cannot provide a sufficient foundation for an abuse of process action. Yaklevich v. Kemp, Schaeffer Rowe Co.,L.P.A, 68 Ohio St.3d at 297-298. The trial court should have granted Cox's motion for a new trial on the ground that the jury's verdict was contrary to law pursuant to Civ. R. 59(A)(7) since, as a matter of law, Kremer was not entitled to relief for the mere institution of Cox's lawsuit." Accord Wochna v. Mancino, Summit App. No. 07CA0059,2008-Ohio-996, where defendants' counterclaim against plaintiffs for abuse of process claim was premised upon the filing of litigation, the trial court did not err in granting summary judgment to plaintiffs.
 {¶ 20} In the instant matter, plaintiff asserted that he provided excellent care to Perna, and that Hildebrand unilaterally filed the counterclaim for malpractice without obtaining Perna's consent and approval.[1] These assertions gravely undermine *Page 8 
plaintiff's claim of abuse of process as they defeat the requisite first element of this claim for relief: a legal proceeding was properly initiated and supported by probable cause.
 {¶ 21} In any event, the record is devoid of any indication that Hildebrand attempted to "achieve through the use of the court that which the court is itself powerless to order." See Robb v. Chagrin LagoonsYacht Club, Inc., supra. Accord, Sullivan v. Tuschman, Lucas App. No. L-06-1373, 2007-Ohio-3569. In that case, the former patient brought a malpractice action against his physician, and, as a result of the lawsuit, the physician's professional liability insurance carrier refused to renew his malpractice policy, and he was required to pay substantially higher medical malpractice premiums from a high risk insurer. In determining that the filing of the malpractice action did not constitute an abuse of process, the court stated:
 {¶ 22} "Ohio courts have consistently held that `a threat to pursue a civil action, even if the action would be entirely frivolous or brought in bad faith, does not constitute extortion' in the context of an action for abuse of legal process. Tilberry v. McIntyre (1999),135 Ohio App.3d 229, 241, 733 N.E.2d 636. In this case, the primary thrust of appellant's complaint is that appellee attempted to initiate legal action against appellant for the express purpose of forcing him to pay money. However, it is well-settled that the objective in any tort action is to ascertain `that amount of money which will compensate and make whole the injured party.' Johnson v. Thrift Savings Loan Co. (May 26, 1993), 1st Dist. App. No. C-920115, citing Pryor v. Webber (1970),23 Ohio St.2d 104, 263 N.E.2d 235. As set forth *Page 9 
above, even if such a purpose is motivated by ill-will or bad faith, or is entirely frivolous, it is not legally sufficient to support a claim of abuse of legal process."
 {¶ 23} Here, the undisputed facts of record indicate that Perna did not experience relief following two years of treatment, that he informed Hildebrand of this fact and he instructed Hildebrand to represent him in the collection case and "handle the matter" and "take care of the problem." The objective of the counterclaim was simply to raise a claim for damages for alleged substandard treatment. This is a legitimate objective under the law, despite the fact that any money damages that Perna obtained thereby might be offset from plaintiff's collection case. Plaintiff therefore cannot establish as a matter of law that the filing of the counterclaim constituted an abuse of process.
 {¶ 24} For all of the foregoing reasons, the assignment of error is not well-taken and the judgment of the trial court is affirmed.
It is ordered that appellees recover from appellant costs herein taxed.
The court finds there were reasonable grounds for this appeal.
It is ordered that a special mandate be sent to said court to carry this judgment into execution.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure. *Page 10 
KENNETH A. ROCCO, P.J., and CHRISTINE T. McMONAGLE, J., CONCUR.
[1] In relevant part, plaintiffs brief in opposition to the motion for summary judgment states: "There was not any talk of filing a counterclaim against Dr. Kavlich for medical negligence * * * he did not have it in his mind that he should be suing Dr. Kavlich for medical negligence. But Hildebrand had other plans. * * * Perna * * * was happy with the care that he received * * * Hildebrand unilaterally asserted a medical negligence claim against Dr. Kavlich." *Page 1