| | |
|---|---|
| STATE OF OHIO ex rel. MICHAEL DEWINE OHIO ATTORNEY GENERAL | Case No. 2016-00603-PR |
| Plaintiff/Counter Defendant | Judge Patrick M. McGrath |
| v. | DECISION |
| BIG SKY DRILLING, INC., et al. | |
| Defendants/Cross-Claim Defendants | |
| and | |
| BIG SKY ENERGY, INC., et al. | |
| Defendants/Cross-Claim Plaintiffs/Counter Plaintiffs/Third-Party Plaintiffs | |
| v. | |
| OHIO ENVIRONMENTAL PROTECTION AGENCY | |
| Third-Party Defendant | |

{¶1} On March 20, 2017, the Ohio Attorney General (the AGO) filed a motion for summary judgment on behalf of the State of Ohio and Ohio Environmental Protection Agency (OEPA). Defendants and third-party plaintiffs Big Sky Energy, Inc. (BSE), Robert Barr, Sr., and Laura Barr and defendants Big Sky Drilling, Inc. (BSD), Big Sky Petroleum, LLC (BSP), and Big Sky Well Service, Inc. (BSW), did not file a response. The motion for summary judgment is now before the court for a non-oral hearing. L.C.C.R. 4.

{¶2} Civ.R. 56(C) states, in part, as follows:

{¶3} "Summary judgment shall be rendered forthwith if the pleadings, depositions, answers to interrogatories, written admissions, affidavits, transcripts of evidence, and written stipulations of fact, if any, timely filed in the action, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law.  No evidence or stipulation may be considered except as stated in this rule.  A summary judgment shall not be rendered unless it appears from the evidence or stipulation, and only from the evidence or stipulation, that reasonable minds can come to but one conclusion and that conclusion is adverse to the party against whom the motion for summary judgment is made, that party being entitled to have the evidence or stipulation construed most strongly in the party's favor."  *See also Gilbert v. Summit Cty.*, 104 Ohio St.3d 660, 2004-Ohio-7108, citing *Temple v. Wean United, Inc.*, 50 Ohio St.2d 317 (1977).

**Procedural history**

{¶4} On January 5, 2012, the AGO brought an enforcement action pursuant to R.C. 6111 against BSE in the Ashtabula County Court of Common Pleas (the Ashtabula litigation) on behalf of the State of Ohio and the public.  The complaint alleged that BSE's operations polluted a tributary of Hubbard Creek with fill and other pollutants and impacted a wetland because of grading activities at the drilling site.  The suit charged BSE with polluting Ohio's waters and wetlands in violation of R.C. Chapter 6111.  Mr. Robert W. Barr, Sr. is the statutory agent for BSE.  Mr. Barr, Sr. and Ms. Laura Barr live in the same address in New Concord, Ohio.

{¶5} On April 26, 2016, the AGO amended its complaint to add five additional defendants: (1) BSD, whose president and statutory agent is Mr. Robert W. Barr, Jr.; (2) BSP, whose statutory agent is Mr. Barr, Sr.; (3) BSW, whose president is Mr. Barr, Jr. and whose statutory agent is Ms. Barr; (4) Mr. Barr, Sr.; and (5) Ms. Barr.

{¶6} In response to the AGO's amended complaint, BSE, Mr. Barr, Sr. and Ms. Barr filed a counterclaim and a third-party claim against Larry Reeder, an OEPA employee. In its counterclaim against the AGO, BSE asserted an abuse of process claim and indicated that the AGO acted maliciously and in bad faith in instituting the action against it. BSE also alleged an abuse of process claim against Mr. Reeder, stating that as an enforcement supervisor, Mr. Reeder is responsible for determining which enforcement actions should be taken and coordinating accordingly with the AGO's office. BSE's complaint alleged that during a 2013 hearing for the Ashtabula litigation, Mr. Reeder admitted that he was aware that BSE was not the owner of the property at issue. On August 9, 2016, BSE filed a petition for removal in this court. Upon review, this court dismissed Mr. Reeder as a party and replaced him with OEPA.

{¶7} Finally, on March 20, 2017, the AGO filed a motion for summary judgment, requesting this court to dismiss this case and remand it back to the Ashtabula County Court of Common Pleas. Specifically, the AGO lists five reasons indicating why Big Sky's[1] claims are baseless:

(1) They are barred by the two-year statute of limitation in R.C. 2743.16(A).

(2) The AGO is the sole plaintiff in this case. It filed the case in a representative capacity on behalf of the State of Ohio and the public, which means that it is not an "opposing party" under Ohio Civ.R. 13, and it is not subject to a counterclaim for abuse of process. In addition, because the "State of Ohio" is not the real-party plaintiff in this case, it too is not subject to a counterclaim for abuse of process.

(3) The AGO's alleged "abuse" is solely by implication of Mr. Reeder's so-called "personal campaign against" Big Sky, and the AGO is not vicariously liable for the actions of an employee of an executive agency over which it exercises no control.

---

[1]Though only BSE, Mr. Barr and Ms. Barr filed the petition for removal, the court, because of the inter-connected administrative structure of the companies, refers to all the Big Sky companies as "Big Sky" or "Big Sky entities" hereinafter.

(4) OEPA is a third-party defendant, which used no "process" against Big Sky and, obviously enough, cannot be liable for "abusing" a "process" it did not use.

(5) Even if Big Sky's allegations were taken as true, they do not amount to "abuse of process" as a matter of law.

(AGO Motion for Summary Judgment, p. 2).

**Statute of limitations**

{¶8} R.C. 2743.16(A) provides the applicable statute of limitations for civil actions against the state, stating such actions "shall be commenced no later than two years after the date of accrual of the cause of action or within any shorter period that is applicable to similar suits between private parties." As the AGO points out in its motion for summary judgment, any claims asserted by Big Sky against the AGO and OEPA accrued on January 5, 2012 when the AGO initiated the Ashtabula litigation. In its counterclaim and third-party complaint, Big Sky indicates that on October 13, 2013, Mr. Reeder admitted that BSE did not own the property at issue in the litigation in the Ashtabula litigation. Therefore, Big Sky's claims, at the very least, accrued on that date, and it should have filed its claims in this court by October 13, 2015. Yet, it did not file its counterclaim against the AGO and third-party claim against the OEPA until May 13, 2016. As such, the court finds the AGO's argument regarding the statute of limitations well-taken.

**Real party in interest**

{¶9} The AGO states that it cannot be sued for an abuse of process claim because it filed the original complaint in the Ashtabula litigation in a representative capacity. Additionally, because the "State of Ohio" is not the real-party plaintiff in this case, it too is not subject to a counterclaim for abuse of process. R.C. 6111.04 states "[n]o person shall cause pollution or place or cause to be placed any sewage, sludge,

sludge materials, industrial waste, or other wastes in a location where they cause pollution of any waters of the state." Under R.C. 6111.07, the AGO is authorized to bring suits against a person or entity which "fails to perform any duty imposed by, sections 6111.01 to 6111.08 of the Revised Code or who violates any order, rule, or condition of a permit issued or adopted by the director pursuant to those sections," upon receiving written notice from the OEPA director.

{¶10} "A person who sues in one capacity is not subject to counterclaims against him in another capacity." *Quintus v. McClure*, 41 Ohio App.3d 402, 404 (9th Dist.1987). Moreover, a "counterclaim may only be asserted against an opposing party and only against that party in the capacity in which that party sued." B*enjamin v. Ernst & Young, L.L.P.*, 167 Ohio App.3d 350, 2006-Ohio-2739, ¶ 7 (10th Dist.). Here, according to the AGO's amended complaint in the Ashtabula litigation, the Big Sky entities allegedly polluted an unnamed tributary of Hubbard Creek with pollutants derived from drilling without a permit. (AGO amended complaint, p. 18-20). As a result, the AGO, upon receiving written notice from OEPA, initiated the action against Big Sky. Construing the evidence most strongly in Big Sky's favor, there is no genuine issue of material fact that in this instance the AGO instituted the enforcement action against Big Sky solely in a representative capacity and is not amenable to suit. However, upon review, it appears that Big Sky has not initiated a counterclaim against the State of Ohio or OEPA because it originally filed a third-party complaint against Mr. Reeder. On August 10, 2016, this court substituted OEPA for Mr. Reeder. Whether an abuse of process claim is valid against OEPA is discussed further below.

**Abuse of process**

{¶11} The AGO's remaining arguments state that Big Sky has not properly plead an abuse of process claim against itself or OEPA. In a claim for abuse of process: "The tortious character of the defendant's conduct consists of his attempts to employ a legitimate process for a legitimate purpose in an improper manner, and this point must

be clearly shown by the plaintiff to entitle him maintain his action." *Clermont Envtl. Reclamation Co. v. Hancock*, 16 Ohio App.3d 9, 11 (12th Dist.1984). Consequently, there must be a showing of a defendant's "ulterior motive" in initiating the process. *Id.* "'Abuse of process' differs from 'malicious prosecution' in that the former connotes the use of process properly initiated for improper purposes, while the latter relates to the malicious initiation of a lawsuit which one has no reasonable chance of winning." *Id.* In an abuse of process case, "the improper purpose usually takes the form of coercion to obtain a collateral advantage, not properly involved in the proceeding itself, such as the surrender of property or the payment of money, by the use of the process as a threat or a club." Prosser & Keeton on Torts, 898, Section 121 (5 Ed. 1984). "Simply, abuse of process occurs where someone attempts to achieve through use of the court that which the court is itself powerless to order." *Robb v. Chagrin Lagoons Yacht Club*, 75 Ohio St.3d 264, 271 (1996).

{¶12} Here, according to Big Sky's counterclaim, the AGO "was motivated by its desire to cause BSE to suffer financial distress and incur legal fees defending a complaint to which it had no involvement in an attempt to coerce BSE into paying a settlement." (Big Sky's Answer, Crossclaim, Counterclaim, and Third-Party Complaint, p. 10). Specifically, Big Sky appears to state that the AGO used a valid process, the enforcement action, to force BSE into paying a settlement. However, R.C. 6111.07 plainly authorizes the AGO to bring suits against an entity which has polluted state waters upon receipt of a written directive from the OEPA director. Because Big Sky has not responded to the AGO's motion for summary judgment to provide alternate reasons, based on the evidence at hand, the court must conclude that the AGO validly initiated the enforcement action against Big Sky. Moreover, the court agrees with the AGO's argument that it cannot be vicariously liable for Mr. Reeder's action, who is an OEPA employee, because the AGO exercises no control over the OEPA. Lastly, the OEPA

itself did not initiate the enforcement action against Big Sky because it authorized the AGO to do so. As such, any abuse of process claim against OEPA must also fail.

{¶13} R.C. 2743.03(E)(2) states: "The filing (of the petition for removal) effects the removal of the action to the court of claims * * * The court of claims shall adjudicate all civil actions removed. The court may remand a civil action to the court in which it originated upon a finding that the removal petition does not justify removal, or upon a finding that the state is no longer a party."

{¶14} Inasmuch as Big Sky's abuse of process counterclaim and third-party claim were the only claims against the state in this matter, the court finds that the removal petition does not justify removal. Accordingly, the case shall be remanded to the Ashtabula County Court of Common Pleas.

{¶15} For the foregoing reasons, the AGO and OEPA are entitled to summary judgment as a matter of law on all claims asserted in Big Sky's counterclaim and third-party complaint. The AGO's motion for summary judgment shall be granted and judgment shall be rendered in favor of the AGO and OEPA.

PATRICK M. MCGRATH
Judge

STATE OF OHIO ex rel. MICHAEL DEWINE OHIO ATTORNEY GENERAL

    Plaintiff/Counter Defendant

    v.

BIG SKY DRILLING, INC., et al.

    Defendants/Cross-Claim Defendants

    and

BIG SKY ENERGY, INC., et al.

    Defendants/Cross-Claim Plaintiffs/Counter Plaintiffs/Third-Party Plaintiffs

    v.

OHIO ENVIRONMENTAL PROTECTION AGENCY

    Third-Party Defendant

Case No. 2016-00603-PR

Judge Patrick M. McGrath

<u>JUDGMENT ENTRY</u>

{¶16} A non-oral hearing was conducted in this case upon the Ohio Attorney General's (the AGO) motion for summary judgment filed on behalf of the State of Ohio and Ohio Environmental Protection Agency (OEPA). For the reasons set forth in the decision filed concurrently herewith, the AGO's motion for summary judgment is GRANTED and judgment is rendered in favor of the AGO and OEPA. All other pending motions are DENIED as moot and all previously scheduled events are VACATED. The court finds that it has no jurisdiction over the claim asserted in the original papers received from Ashtabula County. Accordingly, pursuant to R.C. 2743.03(E)(2), this

case is REMANDED to the Ashtabula County Court of Common Pleas and the original papers shall be returned thereto. Court costs are assessed against Big Sky Energy, Inc., Robert Barr, Sr. and Laura Barr. The clerk shall serve upon all parties notice of this judgment and its date of entry upon the journal.

_____
PATRICK M. MCGRATH
Judge

cc:

Randall W. Knutti
Assistant Attorney General
150 East Gay Street, 18th Floor
Columbus, Ohio 43215-3130

Casey L. Chapman
Christine R. Schirra
Janean Weber
L. Scott Helkowski
Assistant Attorneys General
Environmental Enforcement Section
30 East Broad Street, 25th Floor
Columbus, Ohio 43215

Big Sky Well Service, Inc.
c/o Robert W. Barr, Jr.
130 Woodview
Cortland, Ohio 44410

Christopher J. Caffarel
Gino Pulito
230 Third Street, 2nd Floor
Elyria, Ohio 44035

Big Sky Drilling, Inc.
c/o Robert W. Barr, Jr.
130 Woodview
Cortland, Ohio 44410

**Filed July 31, 2017**
**Sent to S.C. Reporter 9/8/17**